UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ANDRE KAUFMAN, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case Nos. 1:22-cv-151; 1:01-cr-97 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Andre Kaufman's motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:22-cv-151; Doc. 153 in Case No. 1:01-cr-97). For the following reasons, the Court will **DENY** Petitioner's motion.

**I. BACKGROUND**

On August 15, 2001, a federal grand jury returned a superseding indictment charging petitioner with: (1) conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; (2) possession with the intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; (3) possession with the intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (4) possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g), and (5) possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). (Doc. 17 in Case No. 1:01-cr-97.) On October 31, 2001, a jury convicted Petitioner of these offenses. (Doc. 35 in Case No. 1:01-cr-97.)

Finding that Petitioner qualified as a career offender under United States Sentencing Guideline § 4B1.1, the Court calculated Petitioner's total offense level as 37, with a criminal history category VI, resulting in a guidelines range of 360 months imprisonment to life, restricted by an enhanced mandatory minimum of life imprisonment under 28 U.S.C. § 851 for his § 841(b)(1)(A) violations, with a mandatory consecutive five-year sentence for his conviction of possessing a firearm in relation to a drug trafficking offense.  United States District Judge R. Allan Edgar sentenced Petitioner to a statutory mandatory minimum of life imprisonment plus five years.  (Doc. 40 in Case No. 1:01-cr-97.)  The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence on direct appeal.  *See  United States v. Kaufman*, 92 F. App'x 253, 254 (6th Cir. 2004).

After Congress enacted the First Step Act, Petitioner moved for a sentence reduction, which the Court granted, finding that his § 841(b)(1)(A) offenses were punishable only under § 841(b)(1)(B), meaning that the statutory penalty for these offenses was ten years to life imprisonment.  (*See* Doc. 148. in Case No. 1:01-cr-97.)  The First Step Act did not, however, change Petitioner's career-offender guideline range, and, as a result, his effective guideline range after the First Step Act, which includes a sixty-month consecutive penalty for his §924(c) violation, was 420 months' imprisonment to life imprisonment.  Based on these calculations, the Court granted Petitioner's motion to reduce his sentence and sentenced him to 420 months' imprisonment.  (*Id*.)

Petitioner now seeks to vacate his sentence under 28 U.S.C. §2255, arguing that he no longer qualifies as a career offender under U.S.S.G. § 4B1.1 and that he no longer qualifies for an enhanced sentence under 21 U.S.C. §851 because his 1988 California conviction for

possessing marijuana for sale was dismissed in February 2020. (Doc. 1 in Case No. 1:22-cv-151; Doc. 153 in Case No. 1:01-cr-97.) Petitioner's § 2255 motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."[1] *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Petitioner is not entitled to relief, because, even considering the dismissal of one of his prior drug convictions, he still qualifies as a career offender and for an enhanced sentence under § 851.[2] Pursuant to U.S.S.G. § 4B1.1, a defendant qualifies as a career offender if: (1) he was at

---

[1] In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). In this case, an evidentiary hearing is not needed because the record conclusively shows that the Petitioner is not entitled to relief.

[2] Petitioner's § 2255 motion also appears untimely. Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

least 18 years old when he committed the crime of conviction; (2) the crime of conviction is a felony crime of violence or a felony controlled-substance offense and (3) he as been convicted of at least two other crimes of violence or controlled-substance offenses. Similarly, 21 U.S.C. § 851 provides for enhanced sentences based on two prior qualifying offenses. Even removing Petitioner's 1988 California marijuana conviction, he still has the requisite prior convictions to be classified as a career offender[3] and to receive an enhanced sentence under § 851. (*See* Presentence Report at ¶¶ 54-57.) Accordingly, the Court will **DENY** Petitioner's § 2255 motion.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motion to set aside, vacate, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:22-cv-151; Doc. 153 in Case No. 1:01-cr-97) is **DENIED**. Petitioner's motions for resentencing (Docs. 151, 154 in Case No. 1:01-cr-97) are also **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a

---

28 U.S.C. § 2255(f). According to the minute order attached to his § 2255 motion, his prior marijuana conviction was dismissed by the Superior Court of California on February 11, 2020 (*see* Doc. 1, at 9 in Case No. 1:22-cv-151), but Petitioner did not file his § 2255 motion until more than a year later on June 10, 2022. Petitioner has also attached: (1) a minute order dated October 20, 2021, which states that his "motion for dismissal or expungement of criminal records of conviction pursuant to Prop 64 and AB1793 received in San Fernando Court and forward to Clara Shortridge Foltz Criminal Justice Center via county messenger attention Criminal Department"; and (2) a letter from the Superior Cour of California dated November 22, 2021, stating that his request pursuant to Prop 64 cannot be processed. (*See id.*, at 8, 10.) These documents do not change the fact that Petitioner learned of the facts forming the basis for the present §2255 motion when his conviction was dismissed in February 2020. As a result, his § 2255 motion is likely untimely.

[3] Additionally, to the extent Petitioner seeks to directly challenge his career-offender classification, that argument is not a cognizable claim on collateral review. *See Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) (holding that a petitioner "cannot challenge his classification as a career offender under the Guidelines . . . on collateral review").

constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**